UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

UNITED STATES OF AMERICA,

                                                 **MEMORANDUM AND ORDER**

      - against -

                                                 S1 07 CR 1062 (NRB)

IVY WOOLF-TURK,

                 Defendant.
------------------------------------X

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    Defendant Ivy Woolf-Turk ("defendant"), who is currently incarcerated and subject to an order of restitution, has moved this Court to modify the restitution order pursuant to 18 U.S.C. § 3664(k). For the reasons stated herein, we grant defendant's motion and adjust defendant's restitution payment schedule for the remainder of her period of incarceration.

## BACKGROUND

    In 2009, defendant pleaded guilty to a single count of conspiracy to commit mail and wire fraud in violation of 18 U.S.C. §§ 1341, 1343, 1349. This Court subsequently sentenced defendant to 60 months' imprisonment and ordered her to pay $29,660,192.36 in restitution to the victims of the fraud she perpetrated. On November 30, 2010, the Second Circuit affirmed the sentence imposed.

On April 18, 2011, defendant moved for a modification of her restitution order, arguing that her economic circumstances had deteriorated. According to defendant, following her incarceration, her fiancé ceased communicating with her and discontinued all financial support for her and for her four children. Defendant states that her ex-husband began to provide financial support for her children, three of whom are currently in school.

Defendant states that her present income is limited to two sources. First, her ex-husband provides her with between $50.00 and $100.00 per month. Second, defendant declares that she works while incarcerated as a clerk and earns $28.00 per month. Defendant also notes that she sold her home, which she characterizes as her sole asset, in December 2010 and states that all proceeds of the sale were distributed to the victims of her fraud. In a letter dated June 28, 2011, defendant's attorney confirmed that defendant received no proceeds from the sale of her home.

At the time she filed her motion, the Bureau of Prisons ("BOP") required that defendant pay $200.00 per month in restitution. In June 2011, the BOP reduced defendant's required payment to $50.00 per month. In her motion, defendant requests that her restitution payment be reduced to $25.00 per quarter.

On April 27, 2011, this Court sent a copy of defendant's motion to the Government and asked that the Government notify the victims promptly of defendant's request. We also stated that the notice should make clear that the Court would not alter the total amount of restitution to be paid but would simply modify the amount that the defendant would pay during the balance of her term of incarceration.

The Government objected to the defendant's motion but sent a notice to the victims of defendant's fraud on July 18, 2011. The Government advised the Court of the aforementioned notice on July 22, 2011. Unfortunately, the notice does not adequately explain the nature of any modification that this Court might impose. Accordingly, we write not only to memorialize our decision but also to explain its basis to the victims of defendant's fraud.

## **DISCUSSION**

Section 3664(k) of title 18 provides:

> A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of

3

>    the notification, the court may, on its own
>    motion, or the motion of any party,
>    including the victim, adjust the payment
>    schedule, or require immediate payment in
>    full, as the interests of justice require.

18 U.S.C. § 3664(k).  As the statute makes clear, "a material change in the economic circumstances of a defendant subject to a restitution order may come to the court's attention from one of three sources: the defendant himself, the United States, or the victim."  United States v. Grant, 235 F.3d 95, 100 (2d Cir. 2000).  Whether the change is material is an objective inquiry: "[a] change of the sort contemplated by the statute is identified by an objective comparison of a defendant's financial condition before and after a sentence is imposed."  Id.

Here, the defendant herself alerted the Court to an adverse change in her economic circumstances and we conclude that the deterioration is material.  As defendant stated, her income has been significantly reduced: she no longer receives financial support from her fiancé; she sold her only asset -- her home -- and received no proceeds from the liquidation; she receives limited financial support from her ex-husband; and receives no additional financial support from other family members.  Additionally, although she holds a job while incarcerated, her income from that job amounts to $28.00 per month.

Moreover, contrary to what might be commonly assumed, inmates in Federal prisons are required to pay for everything

4

from sneakers to socks, shower shoes to soap, toothpaste to tissues, paper to photocopying, and cough medicine to aspirin. Thus, her limited income cannot be wholly allocated toward repayment of her restitution obligations. Additionally, it was never this Court's intention in ordering restitution that such restitution be paid by defendant's relatives.

Accordingly, in light of the material change in the defendant's economic circumstances that affects her ability to pay restitution while incarcerated, we adjust defendant's payment schedule as follows: (i) if defendant is engaged in a BOP non-UNICOR work program, the defendant shall pay $25.00 per quarter toward her criminal financial penalties; (ii) if defendant participates in the BOP's UNICOR program, the defendant shall pay $25.00 per quarter toward her criminal financial penalties; and (iii) defendant shall not be required to pay more than the above-mentioned portion of her UNICOR or non-UNICOR salary toward criminal financial penalties during her remaining period of incarceration.

## CONCLUSION

For the foregoing reasons, the motion is granted.

Dated:     New York, New York
           August 16, 2011

                                                  _____
                                                  NAOMI REICE BUCHWALD
                                                  UNITED STATES DISTRICT JUDGE

Copies of the foregoing Order have been mailed on this date to the following:

**Attorney for Government**
Harry A. Chernoff, Esq.
United States Attorney Office
One Saint Andrew's Plaza
New York, NY 10007

**Attorney for Defendant**
Ivy Woolf Turk
Reg. No. 60216-054
FCI Danbury
Federal Correctional Institution
Route 37
Danbury, CT   06811

Gerald B. Lefcourt, Esq.
Gerald B. Lefcourt, P.C.
148 E.78th St.
New York, NY 10021