

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York   10007*

June 18, 2015

BY ECF AND BY HAND
The Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
United States Courthouse
New York, New York 10007

> **Re: United States v. Ivy Woolf-Turk**
>      **07 Cr. 1062 (NRB)**

Dear Judge Buchwald:

   The Government writes respectfully to request that the Court file an amended judgment in the above-referenced case in order to include in the restitution order a victim who was inadvertently omitted from the original list of approximately 109 victims (individuals and entities). For the reasons set forth below, the Government does not propose to alter the amount of restitution ordered, which was $29,660,192.36. Therefore, this amendment will not affect the amount owed by the defendant, nor will it affect the amount owed by her co-conspirator, who was convicted in a separate prosecution, United States v. Michael Hershkowitz, 07 Cr. 1071 (PKC), and is jointly and severally liable for this amount.

   As the Court will recall, the victims in this offense were individuals who made loans to the defendant and her co-conspirator collateralized by properties that were at the same time mortgaged to various banks that properly had the banks' mortgages recorded.  The loans made by the individual victims were, with intent to defraud, not recorded by the co-conspirators. Because the recorded mortgages

Hon. Naomi Reice Buchwald        -2-                    June 18, 2015

had priority in the bankruptcy that followed, the victims lost nearly their entire investments.

   Although the Government has been unable to determine why he was inadvertently omitted from the list of victims initially submitted by the Government at sentencing and included in the Court's Amended Judgment of February 18, 2010, Mr. Vincent Gulli was a victim as well. Mr. Gulli made loans to the defendant and the defendant's co-conspirator in the total amount of $230,000 relating to five of the buildings involved in the scheme and identified in the Criminal Complaint filed in this action. Because Mr. Gulli did not receive the kinds of notifications that other victims received in the course of the case, and because the victims only expected to receive very modest restitution payments, Mr. Gulli did not realize for some time that other victims were receiving payments and while he had been be left off the list.

   The Government therefore respectfully requests that Mr. Gulli now be added to the list of victims to be paid a pro rata share of the restitution, using the formula that has been employed by the Marshals to date, and that, before further distributions be made to the rest of the victims, Mr. Gulli be paid for the amounts he did not receive, which to date is $1,225.26 (there are currently just enough funds on deposit to make this payment promptly). We enclose, in the by-hand delivery but without filing on ECF, a proposed exhibit (Ex. A) reflecting this amended list, generated by the Marshals Service, with the pro rata percentage distribution amounts for each victim. We have also provided the Marshals Service with Mr. Gulli's address and telephone number.

   While this change in the amount of restitution owed would have slightly altered the total amount of restitution sought at the defendant's sentencing, we do not, in the interest of judicial economy, seek to alter that amount since, as a practical matter, it is highly unlikely that the restitution amount will ever be satisfied: to date, of the $29,660,192.36, only approximately 0.55% has been collected, an amount which included proceeds from the sale of the

Hon. Naomi Reice Buchwald         -3-                    June 18, 2015

defendant's and her co-conspirator's residences and the liquidation of other significant assets. Thus, it is unfortunately inconceivable that any victim will be affected by the total restitution amount remaining slightly less than it should have been.

    This division of the restitution of among the victims has no effect on the defendant's obligations. The defendant, through counsel, consents to the relief sought herein.

    Because of the related prosecution, the Government is making a similar application simultaneously to the Honorable P. Kevin Castel (copy enclosed).

                                      Respectfully submitted,

                                      PREET BHARARA
                                    United States Attorney

                                   /s/ Harry A. Chernoff

                     By: _____
                          Harry A. Chernoff
                          Assistant U.S. Attorney
                          (212) 637-2481

Enc.

cc w/o enc:   Hon. P. Kevin Castel (by hand)

              Gerald B. Lefcourt, Esq. (by ECF and by email)
                Counsel to the Defendant

              Mr. Courtney de Casseres (by email)
                Deputy U.S. Marshal